UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY PATU,

        Plaintiff,

v.

SHERYL ALBERT, et al.,

        Defendant.

NO. C17-728 JLR-BAT

**ORDER TO SHOW CAUSE REGARDING APPLICATION TO PROCEED IN FORMA PAUPERIS**

On May 8, 2017, Plaintiff Ricky Patu, who is confined at the Monroe Correctional Complex Special Offender Unit (MCC-SOU), filed an application to proceed *in forma pauperis* ("IFP") and a proposed 42 U.S.C. § 1983 complaint. Dkts. 1 and 1-1. In his complaint, Mr. Patu alleges that he has suffered from chronic constipation for about 11 years and that his requests to see an outside stomach specialist have twice been denied because his present medical provider believes his constipation is treatable. When he reviewed his chart in April 2017, Mr. Patu discovered that his stool samples had tested positive for blood but no one advised him of the test results. He also claims that nurses have on occasion forgotten to give him Metamucil for his constipation. Dkt. 1-1, p. 3. Mr. Patu names one MCC-SOU nurse and the entire medical department of the Washington State Penitentiary ("WSP"), however there are no specific factual allegations in the complaint as to any WSP personnel. *Id.*, p. 3.

ORDER TO SHOW CAUSE - 1

Because Mr. Patu has brought more than three or more civil actions or appeals which have been dismissed as frivolous or for failure to state a claim, he is precluded from bringing any other civil action in forma pauperis unless he is under imminent danger of serious physical injury.

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records reflects that at least three of the cases Mr. Patu filed while incarcerated were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Thus, he may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on April 21, 2014. See 28 U.S.C. § 1915(g)[1].

Mr. Patu makes no allegation that he was under "imminent danger of serious physical injury," at the time he filed his complaint, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Mr. Patu complains of an ongoing issue with constipation for which he has been receiving treatment. The tests that show blood in his stool appear to be merely a symptom of that ongoing issue and not a new condition that is causing imminent danger or for which he is

---

[1] In *Patu v. Albert*, Mr. Patu's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 14 in Case No. 14-765 MJP. In *Patu v. Lee, et al.,* Mr. Patu's case was dismissed for failure to state a claim and the dismissal counted as a strike under Section 1915(g). *See* Dkts. 14 and 17 in Case No. 15-5332 RJB. In *Patu v. Albert,* Mr. Patu's case was dismissed for failure to state a claim. *See* Dkts. 11, 13-14 in Case No. 15-722 RSM. In *Patu v. Bennett,* Mr. Patu's case was dismissed for failure to state a claim. Dkts. 15, 16 in Case No. 14-765 MJP.

not receiving treatment. Instead, it appears Mr. Patu disagrees with Nurse Albert's conclusion that a consult with an independent stomach specialist is not necessary. Having liberally construed the facts presented, the Court finds Mr. Patu is ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee).

Therefore, **IT IS ORDERED** that Mr. Patu shall show cause **by June 9, 2017** why his IFP application should not be denied. In the alternative, Mr. Patu must pay the $400.00 filing fee for this action. Failure to do so, will be construed as Mr. Patu's consent to dismissal of this action without prejudice for failure to comply with the filing fee requirements of 28 U.S.C. §§ 1914 and 1915. Mr. Patu is further advised that if he elects to pay the $400.00 filing fee and proceed with this action, the Court will address the deficiencies of his complaint in a separate order.

**DATED** this 12th day of May, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge