UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY PILA PATU,

                Plaintiff,

    v.

SHERYL ALBERT, et al.,

                Defendants.

No. C17-728 JLR-BAT

**REPORT AND RECOMMENDATION**

On May 8, 2017, Plaintiff Ricky Patu, who is confined at the Monroe Correctional Complex Special Offender Unit (MCC-SOU), filed an application to proceed *in forma pauperis* ("IFP") and a proposed 42 U.S.C. § 1983 civil rights complaint. Dkts. 1 and 1-1. Because Mr. Patu has brought more than three or more civil actions or appeals which have been dismissed as frivolous or for failure to state a claim, he is precluded from bringing any other civil action *in forma pauperis* unless he is under imminent danger of serious physical injury. Accordingly, the Court ordered Mr. Patu to show cause why his IFP application should not be denied. Dkt. 4. Mr. Patu filed a response (Dkt. 5), a "miscellaneous document" (Dkt. 6), a motion for discovery (Dkt. 7), and a second motion to grant *in forma pauperis* (Dkt. 9).

Based on a liberal review of these filings, the Court recommends that Mr. Patu be denied IFP status and that he be ordered to pay the Court's filing fee before proceeding with his complaint in this action.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records reflects that at least three of the cases Mr. Patu filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Patu v. Albert*, Mr. Patu's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 14 in Case No. 14-765 MJP. In *Patu v. Lee, et al.,* Mr. Patu's case was dismissed for failure to state a claim and the dismissal counted as a strike under Section 1915(g) (appeal pending). *See* Dkt. 14 and 17 in Case No. 15-5332 RJB. In *Patu v. Albert,* Mr. Patu's case was dismissed for failure to state a claim. *See* Dkt. 11, 13-14 in Case No. 15-722 RSM. In *Patu v. Bennett,* Mr. Patu's case was dismissed for failure to state a claim. Dkt. 15, 16 in Case No. 14-765 MJP.

Because Mr. Patu has pursued three or more civil actions or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, he may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on April 21, 2014. See 28 U.S.C. § 1915(g).

In his complaint, Mr. Patu alleges that he has suffered from chronic constipation for about 11 years and that his requests to see an outside stomach specialist have twice been denied because his present medical provider believes his constipation is treatable. When he reviewed his chart in April 2017, Mr. Patu discovered that his stool samples had tested positive for blood

REPORT AND RECOMMENDATION - 2

but no one advised him of the test results. He also claims that nurses have on occasion forgotten to give him Metamucil for his constipation. Dkt. 1-1, p. 3. Mr. Patu names one MCC-SOU nurse and the entire medical department of the Washington State Penitentiary ("WSP"), however there are no specific factual allegations in the complaint as to any WSP personnel. *Id.*, p. 3.

Mr. Patu complains of an ongoing issue with constipation for which he has been receiving treatment for years. The tests that show blood in his stool appear to be merely a symptom of that ongoing issue and not a new condition that is causing imminent danger or for which he is not receiving treatment. Instead, it appears Mr. Patu disagrees with Nurse Albert's conclusion that a consult with an independent stomach specialist is not necessary. Mr. Patu's recent filings also do not describe an imminent danger. In his response, Mr. Patu states that he is "under imminent danger of still not getting Metamucil at pill line" for his "chronic constipation." Dkt. 5, at 1. In his "miscellaneous" filing, Mr. Patu states that the "two of the nurses . . . forgot to give me Metamucil three times," and that he suffers from "chronic constipation that has been going on for 11 years." Dkt. 6, pp. 1-2. In his second IFP motion, Mr. Patu claims that he is under imminent danger of experiencing "chronic constipation" and that his request to see a stomach specialist "was denied 3 times." Dkt. 9, p. 1. Mr. Patu alleges that he "still has blood coming out of his rear-end . . . and that his stool samples tested positive for blood." *Id.*, pp. 1-2. However, he also acknowledges that these issues are part of his medical records and are symptoms of an ongoing issue.

Having liberally construed the facts presented, the Court finds Mr. Patu is ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee). *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of

REPORT AND RECOMMENDATION - 3

potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

## CONCLUSION

Mr. Patu's IFP motions (Dkts. 1 and 9) should be **DENIED** based on the three-strike rule of 28 U.S.C. 1915(g) and Mr. Patu should be directed to pay the $400.00 filing fee in order to proceed with his complaint. All pending motions (including plaintiff's motion for discovery (Dkt. 8)) should be **denied without prejudice.**

A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Friday, June 30, 2017.** The Clerk should note the matter for **Wednesday, July 5, 2017**, as ready for the District Judge's consideration if no objection is filed. If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable James L. Robart.

DATED this 12th day of June, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge